ALTON FITZGERALD, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 33694.)

Third Department, December 19, 1957.

*Louis J. Lefkowitz, Attorney-General* (*John R. Davison, Dunton F. Tynan* and *Thomas F. Moore, Jr.,* of counsel), for appellant.

*Irving H. Lessen* for respondent.

*Per Curiam.* The question presented by this appeal is the right of the Attorney-General to examine a claimant before trial in an appropriation case. Whatever the limitation may have been in such a case before the changes made in statutory language in 1939 (L. 1939, ch. 860), it seems clear that since that time the Attorney-General is vested with the right of examination in such a case. Subdivision 1 of section 17 of the Court of Claims Act, in providing for " Examinations before trial " by the State, authorizes on five days' notice the examination by the Attorney-General of any claimant filing a notice of claim " for any cause whatever ".

There are additional provisions of the subdivision specifically addressed to the question of title of property in an appropriation case, but those provisions include cases after an award is made as well as before; serve a different function than the general right to examine before trial; and are not to be construed in the context of the present statutory language as cutting down the right of the State to examine the claimant in a claim " for any cause whatever ".

The question to be determined in an appropriation case is just compensation, which is a matter of quantum, and the examination on that subject is often as important as the question of title. The constitutional right to just compensation in an appropriation case certainly does not preclude an examination into the amount that shall be deemed just.

The claim is for $200,000 for the taking of 72 acres of farm land which claimant purchased in 1952 for $10,000 including some personal property, and the State ought to have a comprehensive examination on the subject of damage. The questions objected to seem to us to be proper and relevant, including the questions directed to the contents of claimant's income tax returns. (*Andrews* v. *Gaynor & Rosenblum,* 257 App. Div. 956.)

The Court of Claims Act provision allowing examination by the Attorney-General requires a claimant to " answer orally " the questions on the examination. The notice of examination here called for the production of all books, records, and papers relating to the title or value of the property. This is beyond the literal scope of subdivision 1 of section 17, but the State as a party has the right to require the production of relevant

records upon an examination before trial within section 296 of the Civil Practice Act, where the Court of Claims Act or the Rules of the Court of Claims are not inconsistent (Court of Claims Act, § 9, subd. 9).

The notice to take the testimony and produce the records was, however, in literal pursuance of section 17; but the notice of motion which led to the order appealed from is much more broadly based and seeks an order directing the production of the records described. Such an application would fall within the Civil Practice Act provisions and ought to have been granted.

The order should be reversed, with $10 costs, and the motion granted.

FOSTER, P. J., BERGAN, HALPERN and GIBSON, JJ., concur.

Order reversed, with $10 costs, and motion granted.